NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THONYLY OUNG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1927

Agency No.
A095-866-860

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023**
Pasadena, California

Before: M. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision

denying his application for adjustment of status. We generally have jurisdiction

under 8 U.S.C. § 1252, and we dismiss the petition.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Section 1252(a)(2)(B)(i) bars review of "any judgment regarding the granting of relief under section … 1255," which includes adjustment of status under section 1255(a). The Supreme Court recently interpreted this jurisdiction-stripping provision in *Patel v. Garland* and concluded that it "encompasses not just 'the granting of relief' but also any judgment *relating* to the granting of relief," which "plainly includes factual findings." 596 U.S. 328, 339 (2022). Any factual determination made by the immigration judge (IJ) "relating to" Petitioner's application for adjustment of status is therefore outside this panel's jurisdiction.

While this panel retains jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Petitioner has not raised such a question in this case. *See Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020) (concluding that section 1252(a)(2)(B)(i) "eliminates our jurisdiction to review discretionary decisions … 'unless the petition raises a cognizable legal or constitutional question concerning that determination'" (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 596 (9th Cir. 2006))). Instead, the only question raised by Petitioner is whether a preponderance of the evidence supports the IJ's determination that Petitioner "knowingly made a frivolous application for political asylum." This question is a factual one: does the evidence in the record factually show that Petitioner "fabricated [his] asylum application[]"? *Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008).

Nor does the fact that the IJ's frivolousness determination was adjunct to the primary question of whether to grant or deny Petitioner's application for adjustment of status place this issue within the court's jurisdiction. As the Supreme Court explained in *Patel*, section "1252(a)(2)(B)(i) does not stop at just the grant or denial of relief; it extends to any judgment '*regarding*' that ultimate decision." 596 U.S. at 344 (emphasis added). Here, the IJ answered the factual question of whether Petitioner filed a frivolous application *in order to* determine whether to grant or deny the relief sought. This determination was an authoritative decision on the subject and so constituted a "judgment" for purposes of *Patel* and section 1252(a)(2)(B)(i). *Id.* at 337 ("'[J]udgment' means any authoritative decision."). This judgment was "regarding" the discretionary relief sought because it was made in the course of deciding whether to grant or deny such relief—indeed, it determined Petitioner's *eligibility* for the relief. Because the IJ's judgment was regarding its "ultimate decision" to grant or deny Petitioner's application for adjustment of status, it falls within the reach of section 1252(a)(2)(B)(i)'s jurisdictional bar. *Id.* at 344.

**PETITION DISMISSED.**

3